IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS E. NOBLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 16-406-SLR |
| | ) |
| JOHN SEBASTIAN, Director, | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of January, 2017;

IT IS ORDERED that petitioner Thomas E. Noble's motions for representation by counsel (D.I. 22; D.I. 26) are **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the

"interests of justice so require").

2. Here, petitioner requests representation by counsel because, among other reasons: he is unskilled in the law; he does not have the ability to present his own case; he would need "at least $250,000 to hire the caliber of counsel necessary to surmount" the alleged conspiracy between this court and criminals (D.I. 22 at 2); his monthly income as a disabled veteran is a $2900 disability check and a $600 social security check (D.I. 26 at 1); and his case involves "many complex issues too esoteric for a layman to contend with." (D.I. 26 at 1) None of these reasons, however, persuade the court that the interests of justice require representation of counsel at this time. Additionally, petitioner's other filings in this case demonstrate his ability to sufficiently articulate his arguments, and it does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE