IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS E. NOBLE, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 16-406-LPS |
| JOHN SEBASTIAN, Director, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM

### I. BACKGROUND

On June 1, 2016, Petitioner Thomas E. Noble ("Petitioner") filed a "hybrid habeas corpus" application ("Petition") pursuant to 28 U.S.C. §§ 2241, 2243, 2254, 1983, 1985, and 1961 et. seq., asserting anywhere from twenty-eight to seventy-four claims/grounds for relief, including, *inter alia*, the alleged violation of Petitioner's right to self-representation, denial of access to the courts, judicial bias, coerced/involuntary no contest plea, impermissible vagueness of Delaware's child pornography statute, and actual innocence. (D.I. 1 at 2) On June 20, 2016, the Honorable Sue L. Robinson issued an initial AEDPA Order (D.I. 6) advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to the pending Petition and explaining AEDPA's one-year period of limitation on the filing of habeas petitions and that AEDPA effectively precludes petitioners from filing a second or subsequent habeas petition except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). The initial AEDPA Order identified the claims that either failed to assert any discernible ground for habeas relief or

challenged prison administrative procedures or conditions of confinement and were therefore more properly pursued under 42 U.S.C. § 1983. The initial AEDPA Order also noted that, on September 13, 2004, the Honorable Kent A. Jordan issued a Memorandum and Order barring Petitioner from filing any further *pro se* civil rights complaints in this district without first receiving prior approval. *See Noble v. Becker, et. al.*, Civ. A. No. 03-906-KAJ, Mem. and Order (D. Del. Sept. 13, 2004).

After noting that Petitioner did not obtain permission to file the non-habeas arguments improperly asserted in the instant Petition, the Honorable Sue L. Robinson dismissed "Causes of Action" 25-29, 39-46 and "Grounds" 7, 8, 10, 12, 16, 23, and 28. (D.I. 6) The Honorable Sue L. Robinson also dismissed all of the Respondents except the Attorney General of the State of Delaware and directed Petitioner to present his claims on the AO form titled "Petition for Relief From a Conviction or Sentence By a Person in State Custody filed pursuant to 28 U.S.C. § 2254" and file his AEDPA Election Form within a certain time-period. (D.I. 6)

Instead of filing his AEDPA Election Form and clarifying his habeas claims on the AO form petition for habeas relief that was provided to him, Petitioner appealed the Order dismissing the non-habeas claims from his Petition. (D.I. 8) In addition, he filed numerous frivolous motions concerning his pending § 2254 proceeding. On March 9, 2017, the Third Circuit Court of Appeals summarily affirmed the Order severing the non-habeas claims from Petitioner's "hybrid lawsuit." (D.I. 44)

This case was reassigned to the undersigned's docket in August 2017. The Court issued another AEDPA Notice informing Petitioner of AEDPA's application to the remaining claims in the Petition. (D.I. 47) Petitioner filed his AEDPA Election Form indicating his wish to seek relief under 42 U.S.C. § 1983. (D.I. 48) On January 5, 2018, the Court dismissed the Petition without prejudice to enable Petitioner to seek § 1983 relief. (D.I. 49) Thereafter, Petitioner filed a Motion

2

to Stay and Vacate the prior dismissal of his Petition (D.I. 50) and a Motion to Reopen and Enjoin. (D.I. 51)

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[1] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

---

[1] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

3

## III. DISCUSSION

Although not titled as such, both of Petitioner's pending Motions seek to have the Court reconsider the dismissal of his Petition and reopen his case, and thereafter enjoin the judges in this district from adjudicating the case and have the case reassigned to an impartial district court. (D.I. 50 at 1; D.I. 51 at 1) However, such relief is not available. Petitioner has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court in its January 5, 2018 Order that would warrant granting reconsideration under Rule 59. *See Max's Seafood Café*, 176 F.3d at 677. He also does not demonstrate any extraordinary circumstances warranting reconsideration/reopening under Rule 60(b). Therefore, the Court will deny the Motions.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motions to Reconsider/Reopen. To the extent one should be considered, the Court declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: May 29, 2018

UNITED STATES DISTRICT JUDGE

4